Filed 8/4/23  P. v. Chiemwichitra CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C096201 |
| Plaintiff and Respondent, | (Super. Ct. No. 19F4451) |
| v. | OPINION ON TRANSFER |
| TIMOTHY CHIEMWICHITRA, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

"A jury found defendant Timothy Chiemwichitra guilty of numerous offenses arising out of a violent altercation with his girlfriend . . . .  The jury also found that defendant personally inflicted great bodily injury under circumstances involving

domestic violence ([Pen. Code,] § 12022.7, subd. (e)[, fn. omitted])[1] . . . . The trial court sentenced him to an aggregate term of 12 years eight months in prison." (*People v. Chiemwichitra* (Aug. 16, 2021, C091908) [nonpub. opn.].) Defendant appealed and we reversed one conviction, reducing defendant's sentence to 10 years eight months, but otherwise affirmed the judgment. (*Ibid.*)

On April 18, 2022, after the passage of Senate Bill No. 81 (2021-2022 Reg. Sess.), defendant filed a "Motion to Dismiss Enhancement Under Amended Penal Code [section] 1385, And Senate Bill No. 81." On April 25, 2022, the trial court denied the motion, finding dismissal of the enhancement would not be "in the furtherance of justice" because the "crime committed against the victim in this case was especially cruel and heinous and [defendant's] flight from law enforcement endangered the lives of others."

Defendant appealed the trial court's order denying his motion.

Appointed counsel for defendant asked this court to independently review the record pursuant to *Wende*. Defendant was advised by counsel of the right to file a supplemental brief within 30 days. Defendant did not file a supplemental brief and we dismissed the appeal as abandoned. The California Supreme Court granted review of the case and later transferred the matter back to this court with instructions to vacate the dismissal and reconsider the case in light of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). We vacated our decision.

The Supreme Court in *Delgadillo* affirmed "the procedures set out in *Anders* [*v. California* (1967) 386 U.S. 738] and *Wende* do not apply to an appeal from the denial of postconviction relief, even if the defendant has a state-created right to the appointment of counsel for that appeal." (*Delgadillo, supra*, 14 Cal.5th at p. 226.) Still, it prescribed a procedure for when appellate counsel finds no arguable issues. (*Id.* at p. 231.) Though

---

[1] Undesignated statutory references are to the Penal Code.

the Supreme Court developed this procedure specifically for appeals from section 1172.6 petitions, the court implied its appropriateness for postconviction appeals in other contexts. (*Delgadillo*, at p. 231 ["we prescribe guidance for counsel and courts to follow in postconviction appeals where counsel finds no arguable issues"]; *id.* at p. 232 ["The procedures announced here, however, are not intended to be exhaustive, and the Courts of Appeal are well suited to identify any additional procedures for counsel and courts to follow in postconviction appeals where counsel finds no arguable issues"].) We find it is appropriate to apply *Delgadillo*'s procedures to this postconviction appeal.

Consistent with the procedure outlined in *Delgadillo*, on May 31, 2023, we notified defendant that (1) counsel had filed a brief indicating that no arguable issues had been identified by counsel; (2) as a case arising from an order denying postconviction relief, defendant was not entitled to counsel or to an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days in which to file a supplemental brief or letter raising any argument he wanted this court to consider. In addition, we notified defendant if we did not receive a letter or brief within that 30-day period, the court may dismiss the appeal as abandoned. More than 30 days have elapsed and we have received no communication from defendant.

We consider defendant's appeal abandoned and order it dismissed. (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

DISPOSITION

The appeal is dismissed.

_____
HULL, Acting P. J.

We concur:

_____
MAURO, J.

_____
BOULWARE EURIE, J.